From: The District Court of the Sixth Judicial District. County of Park.

STATE OF MONTANA, Plaintiff, vs. WRAY MERLE EVANS, Defendant.

## DECISION

The application of the above-named defendant for a review of the sentence of five years for Second Degree Burglary, with 20 days jail time credit imposed on March 10, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that at the time the crime was committed, defendant was on appeal under a 4-year sentence for a felony committed in Yellowstone County in 1967, that the 5-year sentence could have been made consecutive to the 4-year sentence and, if used, the prior conviction might have resulted in a sentence of 10 years.

We thank Professor David J. Patterson, Acting Director of the Montana Defender project, for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Emmet Glore.

From: The District Court of the Sixteenth Judicial District. County of Rosebud.

STATE OF MONTANA, Plaintiff, vs. DONALD VERNON FLETCHER, Defendant.

NO. 933

## DECISION

The application of the above-named defendant for a review of the sentence of eight years for First Degree Burglary imposed on January 17, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be reduced to six years.

While the presumption is that the sentencing judge was correct in his assessment of the situation, and it is true that the sentence in this case could have been up to 15 years and, if the two prior convictions of defendant had been used, his sentence could have been without limit, nevertheless, it has been made to appear to this Court that the interests of justice, the sentencing goals kept in mind, would be just as well served by an earlier discharge date for this defendant, particularly when it is considered that he has no record of violence, has and is able to support himself as a talented cartoon artist and writer, and it appears that he will do so.

We thank William R. Taylor for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.